IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| **v.** : | Criminal No. 12-cr-0639-JFM |
| **CURTIS DANAHUE ABRAHAMS** : | |
| a.k.a. "PAUL ALLEN" | |
| a.k.a. "ACE" : | |
| **ONEIL JEROME FOSTER** : | |
| a.k.a. "HARVEY GARVEY" | |
| a.k.a. "HENRY ORTIZ" : | |
| a.k.a. "SANCHEZ" | |
| a.k.a. "SANDMAN" : | |
| **COURTNEY WILLIAMS** : | |
| a.k.a. "RUFUS" | |
| and | |
| : | |
| **MARVIN BRYAN,** | |
| : | |
| **UNITED STATES OF AMERICA** : | Criminal No. 13-cr-0267-JFM |
| **v.** : | |
| **ANTHONY MCKENZIE** : | |
| a.k.a. "JUNIOR | |
| **Defendants** | |

...oooOooo...

**GOVERNMENT'S MOTION TO AMEND ORDER OF FORFEITURE**

The United States of America, by its counsel, moves pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, to amend the Consent Orders of Forfeiture previously entered in these related cases to include a money

1

judgment for the proceeds obtained by the members of the conspiracy.    In support of its motion the Government says the following.

**Background**

The defendants Curtis Abrahams, Oneil Foster, Marvin Bryan, Courtney Williams and Anthony McKenzie have each entered a plea of guilty to one count of conspiracy to distribute and possess with intent to distribute one hundred kilograms or more of marijuana, in violation of 21 U.S.C. § 846.   Moreover, at his rearraignment, each defendant agreed to a Consent Order of Forfeiture providing that he would forfeit all property derived from or used to commit his offense, including but not limited to a sum of money equal to the gross proceeds obtained directly and indirectly by him and his co-conspirators, for which amount the defendant and each of the co-conspirators would be jointly and severally liable. The respective forfeiture orders were entered by the court and in the ECF as follows:

| Defendant | Date | ECF | Case No |
| --- | --- | --- | --- |
| Oneil Foster | 5/3/13 | 58 | 12cr0639-JFM |
| Anthony McKenzie | 6/19/13 | 9 | 13cr0267-JFM |
| Curtis Abrahams | 5/31/13 | 79 | 12cr0639-JFM |
| Marvin Bryan | 5/28/13 | 75 | 12cr0639-JFM |
| Courtney Williams | 5/21/13 | 69 | 12cr0639-JFM |

In each case, the Consent Order provided for the forfeiture of certain specific assets, but noted that the Government had not yet calculated the amount of the money judgment representing the proceeds of the conspiracy for which the defendants would be jointly and severally liable.  Accordingly, the Consent Order provided that pursuant to Rules 32.2(b)(2)(C) and (e)(1), the Government could move at any time to amend the Consent Order once the amount of the money judgment has been calculated.

The Government has now calculated the amount of money that represents the gross proceeds of the conspiracy, and therefore moves, with respect to each defendant, to amend the existing Consent Order of Forfeiture to include the sum of money for which the defendant will be liable.

**Discussion**

Each member of the conspiracy is jointly and severally liable to forfeit the gross proceeds of the conspiracy that were foreseeable to him.  *See United States v. Bollin*, 264 F.3d 391, 418-19 (4th Cir. 2001) (even a minor participant who received only $30,000 for his role in the scheme may be liable for full $1.2 million judgment if that amount was foreseeable to him; forfeiture of such foreseeable amount does not violate the Excessive Fines Clause); *United States v. Akwei,* 514 Fed. Appx. 291, 298-99 (4th Cir. 2013) (courier is jointly and severally liable for the forfeiture of the value of the drugs he carried, even if he was not paid for his work);

*United States v. Roberts*, 660 F.3d 149, 165 (2d Cir. 2011) (joint and several liability for the amount of the money judgment in a drug case is mandatory), aff'g *United States v. Roberts*, 696 F. Supp.2d 263, 267 (E.D.N.Y. 2010) (collecting cases); *United States v. Spano*, 421 F.3d 599, 603 (7th Cir. 2005) (all coconspirators are jointly and severally liable for the amount of the forfeiture regardless of how much or how little they benefitted from the conspiracy).

As the Fourth Circuit recently held, the entry of a forfeiture order in the form of a money judgment is mandatory, even if the defendants or any of them have not retained the criminal proceeds and lack the present ability to satisfy the judgment. *United States v. Blackman,* ___ F.3d ___, 2014 WL 1099271 (4th Cir. Mar. 21, 2014) (criminal forfeiture is mandatory in all cases; "The word 'shall' does not convey discretion . . . The plain text of the statute thus indicates that forfeiture is not a discretionary element of sentencing. . . . Insofar as the district court believed that it could withhold forfeiture on the basis of equitable considerations, its reasoning was in error."); *id.* (forfeiture is mandatory even if the defendant lacks the present ability to satisfy the judgment; "To conclude otherwise would enable wrongdoers to avoid forfeiture merely by spending their illegitimate gains prior to sentencing").

In this case, the Government has obtained shipping records documenting the shipment of 27,090 pounds of merchandise from California to the three locations in Maryland where, according to the admissions made by all of the

4

defendants, the marijuana was delivered, unpacked, and distributed. Exhibit A to this motion is a summary of the records documenting the shipments of marijuana from Rockin' Boxes and Box City in Los Angeles, California to Personal Touch Auto, UHaul, and Island Flavors Restaurant in Prince Georges County, Maryland. At his Rule 15 deposition on March 28, 2014, Oneil Foster, one of the defendants, testified that all of those shipments contained marijuana, and that he knew that because he had packed the boxes himself, in concert with two of his co-defendants. Subtracting ten percent of the weight to reflect the weight of the shipping containers, the records document the shipment of 24,381 pounds of marijuana.

Each of the defendants has admitted that they purchased the marijuana from Mexican suppliers for between $500 and $600 per pound, and sold it in Maryland for between $1,000 and $1,100 per pound. Using the lowest, most conservative figure, the Government can establish by a preponderance of the evidence that at least $12,190,000 was derived from or used to commit the offense ($500 / lb x 24,381 lbs = $12,190,000). *See United States v. Roberts,* 660 F.3d 149, 166 (2d Cir. 2011) (because forfeiture is punitive, not restitutive, the calculation of the forfeiture money judgment need not be exact and is not improper if it exceeds what the defendant obtained to some extent); id. (in a drug case, the Government need not produce actual sales receipts but may rely on reasonable estimates of the quantity of drugs imported and their value; whether to use retail or

wholesale value depends on whether the importer sold the drugs at retail himself or sold them at wholesale to others); *United States v. Brown*, 2013 WL 2473034, *2 (D. Md. June 10, 2013) (court may calculate amount of money judgment by extrapolating from the quantity of drugs sold in a period of time, the price charged, and the length of time the operation continued; following *Roberts* and other cases).

**Conclusion**

For all of these reasons, the court should enter the proposed order amending the Consent Orders of Forfeiture entered as to Curtis Abrahams, Oneil Foster, Marvin Bryan, Courtney Williams and Anthony McKenzie, to provide that each of them is jointly and severally liable to forfeit the sum of $12,190,000.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

Date: May 2, 2014

_____/s/_____
Stefan D. Cassella
Mushtaq Gunja
Assistant United States Attorneys
36 S. Charles Street
Fourth Floor
Baltimore, Maryland 21201
Telephone (410) 209-4800