IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | Criminal No. 12-cr-0639-JFM |
| CURTIS DANAHUE ABRAHAMS :<br>   a.k.a. "PAUL ALLEN"<br>   a.k.a. "ACE" : | |
| ONEIL JEROME FOSTER :<br>   a.k.a. "HARVEY GARVEY"<br>   a.k.a. "HENRY ORTIZ" :<br>   a.k.a. "SANCHEZ"<br>   a.k.a. "SANDMAN" : | FILED ___ ENTERED<br>___ LODGED ___ RECEIVED<br><br>JUN 4 2014<br><br>AT BALTIMORE<br>CLERK U.S. DISTRICT COURT<br>DISTRICT OF MARYLAND DEPUTY |
| COURTNEY WILLIAMS :<br>   a.k.a. "RUFUS"<br>   and | |
| MARVIN BRYAN, : | |
| UNITED STATES OF AMERICA : | Criminal No. 13-cr-0267-JFM |
| v. : | |
| ANTHONY MCKENZIE :<br>   a.k.a. "JUNIOR | |
| Defendants | |

...oooOooo...

## AMENDMENT TO CONSENT ORDER OF FORFEITURE
## TO INCLUDE A MONEY JUDGMENT AS TO EACH DEFENDANT

The court has previously entered Consent Orders of Forfeiture as to Curtis

Abrahams, Oneil Foster, Marvin Bryan, Courtney Williams and Anthony McKenzie,

1

providing that they are jointly and severally liable to forfeit a sum of money equal to the proceeds of the conspiracy for which they have been found guilty. In each case, the Consent Order provided that pursuant to Rules 32.2(b)(2)(C) and (e)(1), the Government could move at any time to amend the Order to include the amount of money for which the defendants would be liable to forfeit once that amount had been calculated.

The Government has now calculated the amount of money that represents the gross proceeds of the conspiracy, and therefore moves, with respect to each defendant, to amend the existing Consent Order of Forfeiture to include the sum of money for which the defendants will be liable.

It is well-established that each member of a drug conspiracy is jointly and severally liable to forfeit the gross proceeds of the conspiracy that were foreseeable to him. See United States v. Bollin, 264 F.3d 391, 418-19 (4th Cir. 2001) (even a minor participant who received only $30,000 for his role in the scheme may be liable for full $1.2 million judgment if that amount was foreseeable to him; forfeiture of such foreseeable amount does not violate the Excessive Fines Clause); United States v. Akwei, 514 Fed. Appx. 291, 298-99 (4th Cir. 2013) (courier is jointly and severally liable for the forfeiture of the value of the drugs he carried, even if he was not paid for his work); United States v. Roberts, 660 F.3d 149, 165 (2d Cir. 2011) (joint and several liability for the amount of the money judgment in a drug case is mandatory), aff'g United States v. Roberts, 696 F.

2

Supp.2d 263, 267 (E.D.N.Y. 2010) (collecting cases); *United States v. Spano*, 421 F.3d 599, 603 (7th Cir. 2005) (all coconspirators are jointly and severally liable for the amount of the forfeiture regardless of how much or how little they benefitted from the conspiracy).

As the Fourth Circuit recently held, the entry of a forfeiture order in the form of a money judgment is mandatory, even if the defendants or any of them have not retained the criminal proceeds and lack the present ability to satisfy the judgment. *United States v. Blackman*, ___ F.3d ___, 2014 WL 1099271 (4th Cir. Mar. 21, 2014) (criminal forfeiture is mandatory in all cases; "The word 'shall' does not convey discretion . . . The plain text of the statute thus indicates that forfeiture is not a discretionary element of sentencing. . . . Insofar as the district court believed that it could withhold forfeiture on the basis of equitable considerations, its reasoning was in error."); *id.* (forfeiture is mandatory even if the defendant lacks the present ability to satisfy the judgment; "To conclude otherwise would enable wrongdoers to avoid forfeiture merely by spending their illegitimate gains prior to sentencing").

In this case, the Government has obtained shipping records documenting the shipment of 27,090 pounds of merchandise from California to the three locations in Maryland where, according to the admissions made by all of the defendants, the marijuana was delivered, unpacked, and distributed.  Moreover, each of the defendants has admitted that they purchased the marijuana from

3

Mexican suppliers for between $500 and $600 per pound, and sold it in Maryland for between $1,000 and $1,100 per pound. Using the lowest, most conservative figure, the Government has established by a preponderance of the evidence that at least $12,190,000 was derived from or used to commit the offense ($500 / lb x 24,381 lbs = $12,190,000). See *United States v. Roberts*, 660 F.3d 149, 166 (2d Cir. 2011) (because forfeiture is punitive, not restitutive, the calculation of the forfeiture money judgment need not be exact and is not improper if it exceeds what the defendant obtained to some extent); id. (in a drug case, the Government need not produce actual sales receipts but may rely on reasonable estimates of the quantity of drugs imported and their value; whether to use retail or wholesale value depends on whether the importer sold the drugs at retail himself or sold them at wholesale to others); *United States v. Brown*, 2013 WL 2473034, *2 (D. Md. June 10, 2013) (court may calculate amount of money judgment by extrapolating from the quantity of drugs sold in a period of time, the price charged, and the length of time the operation continued; following *Roberts* and other cases).

Accordingly, IT IS HEREBY ORDERED, that the Consent Orders of Forfeiture entered as to Curtis Abrahams, Oneil Foster, Marvin Bryan, Courtney Williams and Anthony McKenzie, are amended to provide that each of them is jointly and severally liable to forfeit the sum of $12,190,000; and

IT IS FURTHER ORDERED, that all others terms of the Consent Orders, including the provisions credited the defendants with the value of the specific

4

property already forfeited, shall remain in effect.

IT IS SO ORDERED.

_____
U.S. DISTRICT JUDGE

DATE:  6/4/14

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 JUN -4 P 12: 23

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY