IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | |
| **CURTIS ABRAHAMS,** | * | Criminal No.:   JFM-12-0639 |
| Petitioner. | * | |

...oOo...

### GOVERNMENT'S RESPONSE IN OPPOSITION TO PETITION FOR RELIEF PURSUANT TO 18 U.S.C. SECTION 3582(c)

The United States, by undersigned counsel, files this response to the Petition filed by Petitioner requesting relief pursuant to 18 U.S.C. §3582(c). The Petitioner is not eligible for a sentence reduction because Petitioner was sentenced under the current guidelines and therefore already received the benefit of Amendment 782. The Petitioner is appearing *pro se* and the Federal Defender's Office has notified this Office that they will not represent the Petitioner.

### FACTS

On May 31, 2013, Curtis Abrahams ("Petitioner") pled guilty to Conspiracy to Distribute Marijuana, in violation of 21 U.S.C. § 846.  On May 7, 2015, Petitioner was sentenced to 57 months imprisonment.

Petitioner now moves this Court to reduce his sentence under 18 U.S.C. § 3582(c) and pursuant to U.S.S.G § 2D1.1 as amended by Amendment 782 and made retroactive by U.S.S.G. § 1B1.10(d).[1] Petitioner is not entitled to a sentencing reduction because Amendment 782 was already in effect at the time Petitioner was sentenced; therefore, Petitioner was sentenced

---

[1]   On July 18, 2014, the Sentencing Commission voted to make Amendment 782 retroactively applicable to previously sentenced Petitioners pursuant to the authority provided in 28 U.S.C. § 994(u).

pursuant to U.S.S.G § 2D1.1 as amended by Amendment 782 and is not entitled to any sentencing reduction.

## ARGUMENT

Petitioner already received the benefit of lowered drug guidelines pursuant to Amendment 782. Amendment 782 took effect on November 1, 2014. U.S.S.G. Supp. App. C at p. 74. Petitioner was sentenced more than six months after Amendment 782 took effect, on May 7, 2015. At sentencing, this Court determined that Petitioner's base offense level was 28 under U.S.S.G. § 2D1.1, which took into account the new advisory guidelines under Amendment 782. When combined with the other guideline applications, Petitioner's final offense level was 25.

Petitioner's criminal activity involved "between 700 and 1000 kilograms of marijuana." Presentence Report at 3. Pursuant to U.S.S.G. § 2D1.1(c)(1) as amended by Amendment 782, the base offense level for offenses involving between 700 and 1000 kilograms of marijuana is 28. Therefore, Petitioner already received the benefit of the lower guidelines of Amendment 782 at sentencing.

This is further evidenced by the fact that Petitioner's plea agreement, authored in May 2013, indicates a base offense level of 30 pursuant to U.S.S.G. § 2D1.1. Plea Agreement at 5. However, the presentence report, which was revised in May 2015, indicated a base offense level of 28 pursuant to U.S.S.G. § 2D1.1 and Amendment 782. Presentence Report at 3. This discrepancy is the result of the application of Amendment 782 which this Court already adopted.

Section 3582(c)(2) permits the modification of a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has *subsequently been lowered* by the Sentencing Commission." That is not the case here since

no new Amendments have lowered the 2D1.1 guidelines after Amendment 782 and Petitioner is not entitled to any relief pursuant to 18 U.S.C. §3582(c)(2).

In her memorandum to the Court, the United States Probation Officer also recommends that the Petition be denied for the same reason set forth in this Response.

## CONCLUSION

WHEREFORE, the Government moves to dismiss the Petition filed by Petitioner and deny any relief sought. Petitioner already received the benefit of Amendment 782. Petitioner is therefore ineligible for any sentencing reduction since there is no Amendment that further lowers his guidelines.

Respectfully submitted,

_____/s/_____
A. David Copperthite
Assistant United States Attorney

cc:     Petitioner